**JING BIN JIANG, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

No. 06–2937–ag.

United States Court of Appeals,
Second Circuit.

Feb. 8, 2007.

Jing Bin Jiang, Baltimore, Maryland, for Petitioner, pro se.

Dimitri N. Rocha (Peter D. Keisler, Assistant Attorney General, Civil Division, Leslie McKay, Senior Litigation Counsel, on the brief) Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. WALKER, Hon. GUIDO CALABRESI, and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Petitioner Jing Bin Jiang, a native and citizen of China, seeks review of a May 24, 2006, order of the BIA affirming without opinion the March 9, 2005, decision of Immigration Judge ("IJ") Sandy K. Hom denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jing Bin Jiang*, No. A97 512 139 (B.I.A. May 24, 2006), *aff'g* No. A97 512 139 (Immig. Ct. N.Y. City Mar. 9, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, this Court reviews the IJ's decision as the final agency determination. *See, e.g., Yu Sheng Zhang v. U.S. Dep't of Justice*, 362 F.3d 155, 159 (2d Cir.2004). This Court reviews the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, this Court will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005).

■ Jiang asserts that the IJ erred in denying his past persecution claim, which was predicated upon his mother's alleged sterilization. However, this Court has determined that children are not per se eligible for asylum and withholding of removal based on their parents' mistreatment under China's family planning regime. *Shao Yan Chen v. U.S. Dep't of Justice,* 417 F.3d 303, 305 (2d Cir.2005) (per curiam). Jiang also argues, for the first time, that his mother's sterilization places him in a particular social group, which would render him eligible for asylum and withholding of removal. However, this Court will not consider this claim, since it was not raised before the IJ or the BIA. *See* 8 U.S.C. § 1252(d)(1); *Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 343 (2d Cir.2006).

■ Jiang further claims that he is entitled to asylum because he has a fear of returning to China because he would not be allowed to have children due to the Chinese government's coercive family planning policy. However, the IJ reasonably deemed this claim too speculative. Jiang also argues that the IJ erred in denying his illegal departure claim. As the IJ noted, however, Jiang failed to meet his burden to establish a likelihood of future persecution or torture on this ground. *See Lin Zhong v. U.S. Dep't of Justice,* 461 F.3d 101, 122 n. 25 (2d Cir.2006) (citing *Mu Xiang Lin v. U.S. Dep't of Justice,* 432 F.3d 156, 160 (2d Cir.2005)). This Court has acknowledged that "Chinese law does indeed allow for imposition of a sentence of imprisonment on a person who illegally departs the country," *Cao He Lin,* 428 F.3d at 407, however, "punishment as a result of . . . illegal departure . . . does not [standing alone] demonstrate a likelihood of persecution under the Act," *see Matter of Sibrun,* 18 I. & N. Dec. 354, 359 (BIA 1983).

■ Finally, Jiang asserts that he suffered past persecution in China when his family was forced to pay higher tuition for him to attend school. We recently noted that the BIA has not articulated a clear standard governing economic persecution claims, and, as a result, we remanded one case that turned on the definition of economic persecution to the BIA to permit it to clarify when economic harm rises to the level of persecution. *See Mirzoyan v. Gonzales,* 457 F.3d 217, 222–24 (2d Cir. 2006). In *Mirzoyan,* we emphasized that the BIA has used numerous standards in evaluating economic persecution claims, and without a clear indication of a consistent standard, this Court could not determine how it should review economic persecution claims. *Id.* at 223. Although we have previously held that economic deprivation may constitute persecution when there is a "deliberate imposition of substantial economic disadvantage," *see Guan Shan Liao v. U.S. Dep't of Justice,* 293 F.3d 61, 67, 70 (2d Cir.2002), we noted in *Mirzoyan* that this language may have been dicta, and, even if these "statements were necessary to the result[,] . . . [they] do[ ] not bind the agency," *see Mirzoyan,* 457 F.3d at 223 n. 5.

Because it is unclear what petitioners must demonstrate to succeed on economic persecution claims, it cannot be determined whether the IJ was reasonable in rejecting Jiang's claim. In this case, the IJ merely stated: "The respondent's primary complaint was his inability to attend school unless he paid higher tuition. Respondent's claim is not a basis for relief. . . ." Since neither the IJ nor the BIA set forth a standard under which it reviewed Jiang's economic persecution claim, we remand to the BIA for it to provide a standard and re-evaluate the claim in light of that standard.

The IJ also stated, without analysis, that Jiang "failed to establish that his claim falls within any of the protected grounds set forth in Section 101(a)(42)(B) of the Immigration and Nationality Act." This statement, however, is unsupported by analysis and too general to allow this Court to give it meaningful review. *Cf. Beskovic v. Gonzales,* 467 F.3d 223 (2d Cir.2006). Since the agency should re-evaluate whether the economic harm Jiang suffered in China constituted persecution, the agency should also consider whether any persecution his family did suffer was on account of an enumerated ground.

Regarding Jiang's withholding claim arising out of the same family planning and illegal departure allegations, Jiang was necessarily unable to meet the standard required because he was unable to show the objective likelihood of persecution needed to make out an asylum claim on those grounds. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). However, since the BIA will re-evaluate Jiang's economic persecution claim, we also remand for consideration of his withholding claim based on economic persecution.

For the foregoing reasons, the petition for review is GRANTED in part, DENIED in part, the BIA's order is VACATED in part, and the case is REMANDED to the BIA for further proceedings consistent with this decision. Having completed our review, any stay of removal that the Court previously granted in these petitions is VACATED, and any pending motion for a stay of removal in these petitions is DISMISSED as moot. Any pending request for oral argument in these petitions is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).